IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER, | |
| Plaintiff, | 8:23CV441 |
| vs. | |
| RICK DART, and JOHN MARRIN, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff Susanne Becker (aka Susann Becker, aka Susann Becker Hurd, aka Susanne Becker Hurd) has filed a Motion for Leave to Proceed in Forma Pauperis, Filing No. 4. The Court finds Plaintiff is financially eligible to proceed in forma pauperis. The Court also conducts an initial review of Plaintiff's in forma pauperis complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff Susanne Becker brings this action under 42 U.S.C. § 1983. Plaintiff sues Rick Dart, identified as the President of Western Nebraska Community College ("WNCC"), and John Marrin, retired president of Western Nebraska Community College. Filing No. 1 at 2. Plaintiff alleges that in March 2020, she was enrolled at WNCC. Filing No. 1 at 4. Plaintiff alleges that at that time the President of the United States issued a nationwide order to shelter in place and social distance until instructed otherwise. Filing No. 1 at 4. Plaintiff asserts Defendants refused to follow orders, told Plaintiff she had to pay for her classes, and then failed Plaintiff in her classes. Filing No. 1 at 4. Plaintiff alleges that Defendants embezzled her Pell grant money and prevented Plaintiff from becoming a lawyer and politician. Filing No.1 at 5. Plaintiff seeks damages of $128,000

for her annual salary and a full scholarship "plus amenities and per diem to any school of [Plaintiff's] choice including travel to England or Scotland if needed." Filing No. 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The Court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted) see also Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint, even construed liberally, does not state a claim for relief. First, the Complaint does not comply with the general rules of pleading. In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. See Iqbal, 556 U.S. at 678. Further, even though pro se complaints are construed liberally, they still must allege sufficient facts to support the claims asserted. See Stone, 364 F.3d at 914. Plaintiff's allegations are primarily legal conclusions with few facts to support them. She alleges, without factual basis, that

3

Defendants embezzled her tuition money and defied a presidential mandate. Plaintiff's conclusory allegations fall far short of giving notice of the grounds for her claim. Accordingly, Plaintiff's allegations are not entitled to an assumption of truth and the Complaint is subject to dismissal.

## IV. CONCLUSION

Plaintiff's Complaint does not allege sufficient facts to state a plausible claim. Thus, no claim is stated upon which relief may be granted. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e). However, out of an abundance of caution, the Court on its own motion will give Plaintiff an opportunity to allege sufficient facts to state an actionable claim for relief.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 4, is granted.

2. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In the amended complaint, Plaintiff must comply with federal pleading requirements.

3. In the event Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

4. The Court reserves the right to conduct further review of Plaintiff's claims in the event she files an amended complaint.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **May 10, 2024**—amended complaint due.

Dated this 9th day of April, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge